[Civ. No. 10771. Second Appellate District, Division Two.—April 3, 1936.]

ANNA STANDAHL, Appellant v. RHEBA SPLIVALO et al., Respondents.

Hansen & Sweeney and E. D. Yoemans for Appellant.

W. I. Gilbert for Respondents.

WOOD, J.—Plaintiff commenced this action against the State of California and several individuals, alleging that she was injured in a collision with an automobile owned by the State of California and negligently operated by defendant Ramsey, an employee of the State, within the scope of his employment. She sought to recover damages for the injuries sustained as the result of the collision. ██ Defendant State of California filed a motion to dismiss the action as to the State "for the reason that the plaintiff herein has not filed an undertaking pursuant to section 688 of the Political Code".

In section 688 of the Political Code it is provided: "Any person who has, or shall hereafter have, a claim on contract or for negligence against the state must present the claim to the state board of control in accordance with the provisions of section 667 of this code. Should the claim not be allowed by the state board of control, the person having the claim is hereby authorized, subject to the conditions contained in this section, to bring suit against the state on such claim and to prosecute such suit to final judgment. . . . At the time of filing the complaint in any such suit, the plaintiff shall file therewith an undertaking in such sum, but not less than five hundred dollars, as a judge of the court shall fix, with two sufficient sureties, to be approved by a judge of the court, and conditioned that, in case the plaintiff fails to recover judgment, he shall pay all costs incurred by the state in such suit, including a reasonable counsel fee, to be fixed by the court." These code provisions are plain. It was necessary for the plaintiff to file the undertaking in order to maintain the action as against the State. For failure to file

the undertaking the court properly granted the motion to dismiss the action as to the State of California.

The order is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1936.