[Civ. No. 25231. Second Dist., Div. Three. Feb. 23, 1961.]

PACIFIC VIEW HOSPITAL (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY E. CERTAIN, Real Party in Interest.

Center & Thomasian for Petitioners.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Rafter & Fredricks for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioners are the defendants in an action brought against them in respondent court by real party in interest wherein she sought damages for alleged slanders. Petitioners here seek a writ of prohibition to command the respondent court to refrain from continuing to entertain the action and "from continuing to refuse to dismiss said action."

*Assigned by Chairman of Judicial Council.

The relevant facts are: On October 19, 1960, real party in interest filed her complaint against petitioners. She failed, however, to file the undertaking required by section 830 of the Code of Civil Procedure and the clerk refused to issue a summons. Real party then filed an amended complaint together with an undertaking which was executed by two persons as sureties but not executed by real party in interest and the undertaking was otherwise defective in form. Petitioners filed an answer to the complaint together with a motion to dismiss on the ground that the undertaking did not meet the requirements of sections 830 and 831 of the Code of Civil Procedure, and also a notice requiring the sureties to justify. When the motion came on for hearing on November 7th, the court denied the motion to dismiss but sustained the petitioners' exceptions to the sufficiency of the undertaking and ordered a new undertaking be filed within five days. On November 14th, real party in interest filed separate undertakings, each executed by a different surety but neither of which was executed by real party in interest as principal.[1] On November 22 and 25 respectively, petitioners filed notice requiring sureties to justify and a motion to dismiss upon the ground that the undertakings were not executed by real party in interest and that they had not been filed within the five-day period. On November 28th these matters came on for hearing and after one of the sureties was examined, all matters were continued to December 5th. On that day, the court, after examining the other surety, made and entered its order denying defendants' motion to dismiss and finding that neither of the sureties was qualified, granted real party in interest five days to file new undertakings.[2] On December 8th, real party in interest filed further undertakings and petitioners did not move to strike those undertakings nor take any exception to the sureties thereon or to the form of the undertakings.

Petitioners contend here that respondent court was re-

[1]The five-day period fixed by the order expired on Saturday the 12th of November. The office of the county clerk in Los Angeles County is closed on Saturdays and under section 12b, Code of Civil Procedure, it is considered a holiday for the purposes specified in sections 12 and 12a, Code of Civil Procedure. The undertaking was therefore timely filed.

[2]The facts which we have so far stated were set forth in the petition filed herein and on the basis of which we issued the alternative writ of prohibition. The facts hereinafter stated were not disclosed to the court by petitioners but are set forth in the return of real party in interest and were admitted to be true at the oral argument.

quired as a matter of law to grant the motion to dismiss. In support of this contention they argue that section 835 of the Code of Civil Procedure, which provides that if a new undertaking is not filed within five days after an order therefor, the court "shall order the action dismissed," is mandatory and that the court had no power except to grant their motion to dismiss. In view of the true state of the facts as now established, petitioners' contentions are wholly without merit and had they been disclosed to us by the petition, we would not have issued the alternative writ.

 The jurisdiction of the court in an action for libel or slander does not depend upon the filing of a sufficient undertaking. (*Lipman* v. *Brisbane Elementary Sch. Dist.,* 55 Cal.2d 224, 232 [11 Cal.Rptr. 97, 359 P.2d 465]; *Dixon* v. *Allen,* 69 Cal. 527 [11 P. 179]; *Stinson* v. *Carpenter,* 78 Cal. 571 [21 P. 304]; *Becker* v. *Schmidlin,* 153 Cal. 669 [96 P. 280]; *Carter* v. *Superior Court,* 176 Cal. 752, 756 [169 P. 667]; *Bried* v. *Superior Court,* 11 Cal.2d 351, 354 [79 P.2d 1091]; *Williams* v. *Superior Court,* 7 Cal.App.2d 436 [45 P.2d 1027].) While under section 834 of the Code of Civil Procedure, all proceedings in an action are stayed pending the filing of a new undertaking after exceptions to the original undertaking have been sustained and the court may, in its discretion, if that undertaking be not filed within five days, dismiss the action, the court is not obligated so to do but may, in its discretion, where there has been an attempt in good faith to meet the order of the court and the requirements of the statute, reasonably extend the time for the filing of another undertaking.

In *Becker* v. *Schmidlin, supra,* page 671, the Supreme Court said: "The jurisdiction of the court in an action for slander does not depend upon whether a sufficient undertaking is or is not filed at the time the suit is commenced. It has such jurisdiction even when no undertaking at all is filed, and may permit one to be filed subsequent to the commencement of the action, and, of course, may permit a new undertaking to be filed in lieu of a defective one. [Citations.]

"It is true that a plaintiff neglecting to file a sufficient undertaking when suit is commenced incurs the danger of having his action dismissed upon the motion of the defendant for such failure, but when such motion is made and is well taken, the court may, nevertheless, *in the exercise of a sound discretion, having jurisdiction of the action, permit the plain-*

*tiff to file a new and sufficient undertaking.* The undertaking provided by the statute to be given runs in terms in favor of a defendant, and is intended to secure him in the costs and charges of the action which may ultimately be awarded him. The provision is for his sole benefit and this being true, the discretion vested in the court of permitting plaintiff to file a new undertaking which will afford a defendant all *the protection the law intends should be exercised to effect that end.* So exercised, it will permit the cause to be tried on its merits, which the law favors, instead of preventing it, which it discountenances.'' (Emphasis added.)

In the present case, at the time petitioners sought relief from this court a sufficient undertaking was on file and they had all of the benefits that the statute was designed to give them. There is, therefore, no basis upon which respondent court could be restrained from proceeding in the action and certainly no purpose would be served by dismissing it and compelling plaintiff to file a new one.

The alternative writ is discharged and the peremptory writ denied.

Vallée, Acting P. J., and Ford, J., concurred.