[Civ. No. 24887. Second Dist., Div. Three. Aug. 23, 1961.]

GUY N. STAFFORD, Appellant, v. THE PEOPLE ex rel. THE DEPARTMENT OF PUBLIC WORKS, Respondent.

Guy N. Stafford, in pro. per., for Appellant.

George C. Hadley, Charles E. Spencer, Jr., and Ray M. Steele for Respondent.

BISHOP, J. pro tem.*—The plaintiff once owned some parcels of land which, for all our purposes, may be sufficiently identified as being lot 23 and lots 30 and 31. Starting with the fact that he had acquired these lots, plaintiff fashioned his third amended complaint in eight causes of action. We are using ''causes of action'' as synonymous with ''counts,'' for we agree with the determination of the trial court that, actually, the plaintiff presented no cause of action. We regard this action as essentially one against the state (see *Bacich* v. *Board of Control* (1943), 23 Cal.2d 343, 346 [144 P.2d 818, 821]), and shall hereinafter speak as though the state were the only defendant. Because we have reached the

*Assigned by Chairman of Judicial Council.

conclusion—as did the trial court—that the plaintiff is not entitled to a favorable judgment upon any of his causes of action, we are modifying the judgment by adding that which does not appear there, but is forecast in the conclusions of law, that is, that plaintiff take nothing by reason of his third amended complaint.

As will develop, we need not go into details with respect to the several causes of action, and so shall sketch them but briefly, yet sufficiently to depict their characters. Plaintiff's first, second and fifth causes of action are bottomed on the facts, as alleged, that the plaintiff deeded lot 23 to Mrs. Stafford to secure an outstanding indebtedness of his to her; induced by misrepresentation, Mrs. Stafford deeded the lot to the state; then she deeded it to the plaintiff together with an assignment of her right to rescind the sale, which right he exercised; the deed to the state is still a sore spot in his title. Essentially, these three causes of action are to quiet plaintiff's title to lot 23, as against the state. This characterization is not affected by the fact that allegations are added to give the counts an appearance of being causes of action for declaratory relief.

The third and sixth causes of action are also to quiet plaintiff's title, as against the state, this time as to lots 30 and 31. These lots were covered by trust deeds to secure a small loan made the plaintiff; were sold by the trustee under faulty procedure, plaintiff says; and were then sold to the state.

The fourth cause of action is one to enjoin the state authorities from spending further money in the construction of a freeway across a portion of territory where there has been oil drilling, followed by some wells, now abandoned, blowing up, and because "there is no assurance said oilwells will not blow out in the future and do damage to said freeway." Here again, plaintiff and the state authorities view the future with different apprehensions—and so a declaratory judgment is desired.

The remaining two counts, the seventh and eighth, are a mixture of inverse condemnation and for damages to the land (lots 23, 30 and 31). The state, it seems, has taken these three lots, which belong to the plaintiff, has sealed off the oil wells on them, which can only be redrilled at great expense, the total amount involved being the sum of $575,000, not one cent of which has been paid the plaintiff, tendered him or deposited in court for his benefit.

 The first reason for denying the plaintiff all relief is his admitted failure to file an undertaking, either before commencing this action or at any time since its beginning. It has been provided, by section 16047 of the Government Code from 1945 to 1959 and since that time by section 647 of the Government Code, as follows: ''At the time of filing the complaint in any action against the State, the plaintiff shall file therewith an undertaking in such sum, but not less than five hundred dollars ($500), as a judge of the court shall fix, with two sufficient sureties, to be approved by a judge of the court. The undertaking shall be conditioned upon payment by the plaintiff of all costs incurred by the State in the suit, including a reasonable counsel fee to be fixed by the court, if plaintiff fails to recover judgment in the action.'' This section sets up a condition precedent to the prosecution of an action even where its cause of action is created by section 14 of article I [Cal. Const.] (*Vinnicombe* v. *State* (1959), 172 Cal.App.2d 54 [341 P.2d 705]; *Rio Vista Gas Assn.* v. *State of California* (1961), 188 Cal.App.2d 555 [10 Cal.Rptr. 559]). It is justified by the history of plaintiff's litigation.

From what we have said it is clear—we hope—that we are of the opinion that the plaintiff is not entitled to any relief in this action. Only by its silence does the judgment so provide, and its silence is not enough, certainly as to the fourth, seventh and eighth causes of action as to which a demurrer (to the entire complaint) was sustained without leave to amend. It may be questioned whether the judgment should have quieted title in the state as to the property involved, but if this is an error, it is one that the plaintiff invited by framing his quiet title counts as in declaratory relief. We, therefore, order that the judgment be modified by inserting this paragraph before the concluding paragraph: ''IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff take nothing by reason of his Third Amended Complaint nor by reason of any other pleading filed by him in this action.''

As so modified, the judgment is affirmed. Respondent to recover costs on appeal.

Vallée, Acting P. J., and Ford, J., concurred.

A petition for a rehearing was denied September 18, 1961, and the opinion and judgment were modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied November 15, 1961.