[Civ. No. 22160. First Dist., Div. Three. June 16, 1965.]

PATRICIA BOYER, a Minor, etc., et al., Plaintiffs and Appellants, v. COUNTY OF CONTRA COSTA et al., Defendants and Respondents.

Daniel Kass and Alan Simon for Plaintiffs and Appellants.

Carlson, Collins, Gordon & Bold and George R. Gordon for Defendants and Respondents.

BRAY, J.*—Plaintiffs appeal from judgment of dismissal for failure to file bond pursuant to section 947, subdivision (a) of the Government Code.[1]

### Questions Presented

1. Is section 947, subdivision (a) applicable to wrongful death actions against public entities where the cause of action arose and the complaint was filed prior to its enactment?

2. May the bond be filed late?

### Record

Section 947, subdivision (a) became effective in September 1963. Approximately five months prior thereto, the complaint in this action was filed. It alleges that on May 26, 1962 (approximately 16 months prior to the effective date of said section), Bobby Darrell Boyer, the husband of plaintiff Patricia Boyer and father of Bobby Darrelene Boyer, both minors, was killed by defendant Donald Lee Crews while the latter was acting as the agent and employee of defendants Contra Costa County and City of Brentwood. This action was brought to recover damages for said death. On December 20, 1963, the defendants served upon plaintiffs and filed a demand for written undertaking as security for costs as set forth in section 947, subdivision (a). On February 6, 1964, defendants filed a motion to dismiss this action for plaintiffs' failure to give security for costs as demanded. On February 27, 1964, the court granted the motion to dismiss. Judgment of dismissal was thereafter entered.

### 1. Applicability of Section 947, Subdivision (a)

That section provides: "At any time after the filing of the complaint in any action against a public entity, the public entity may file and serve a demand for a written undertaking on the part of each plaintiff as security for the allowable costs which may be awarded against such plaintiff. The undertaking shall be in the amount of one hundred dollars ($100),

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Unless otherwise noted, all code references herein are to the Government Code.

or such greater sum as the court shall fix upon good cause shown, with at least two sufficient sureties, to be approved by the court. Unless the plaintiff files such undertaking within 20 days after service of a demand therefor, his action shall be dismissed.''

Section 947, subdivision (a) was enacted in 1963. Its subject matter was originally covered in the third paragraph of former section 688 of the Political Code, enacted in 1929 and repealed in 1945. The successor statute was section 16047 of the Government Code, enacted in 1945 and repealed in 1959. Its successor was section 647 of the Government Code, enacted in 1959, amended in 1961, and repealed in 1963.

Throughout the 1929-1961 period the existing statute contained the provision that, ''*At the time of filing the complaint* ..., the plaintiff *shall* file therewith an undertaking....'' (Italics ours.)

This provision was unchanged by the 1961 amendment to the then existing statute (Gov. Code, § 647) but the following sentences were added at the end thereof: ''Where no such undertaking is filed at the time of the filing of the complaint the State may file and serve a demand therefor. Within twenty (20) days after service of a demand, the plaintiff shall file an undertaking as required herein or the action shall be dismissed.'' In 1963 the enactment of section 947, subdivision (a) eliminated the requirement that the bond be filed at the time of filing the complaint and provided, in effect, that if the public entity sued makes demand therefor, the plaintiff must file within 20 days of such demand the required $100 bond, or the action is subject to dismissal.

Plaintiffs' first contention is that section 947, subdivision (a) cannot be applied retroactively and that as their cause of action accrued and their complaint was filed prior to the enactment of the section, it cannot apply in this action, and they cannot be required to file a bond at all.

Section 947 is a part of chapter 1715, Statutes of 1963, which is a part of the legislation resulting from a study by the California Law Revision Commission and which legislation deals with the Sovereign Immunity Law. Chapter 1681, Statutes of 1963, deals with liabilities of public entities. Section 45, subdivision (a) of that chapter provides in part that the act ''applies retroactively to the full extent that it constitutionally can be so applied.'' Section 152 of chapter 1715 provides in part: '' (a) This act applies to all causes of action heretofore or hereafter accruing.'' It is clear from this lan-

guage and from other provisions of the two acts dealing with the procedure for filing claims against public entities that the Legislature intended to make the acts retroactive in all procedural respects. No contention is made that the Legislature did not have the power to do so.

In Recommendation Relating to Sovereign Immunity of the California Law Revision Commission (No. 1, Jan. 1963, p. 832), the commission recommended that "the legislation that is adopted by the Legislature relating to sovereign immunity be given a retroactive effect to the full extent that it constitutionally can be given such an effect," pointing out that "This will permit the courts, acting under this legislation, to develop a uniform body of law applicable to all cases involving the liability of public entities instead of developing one group of rules applicable to pre-*Muskopf*[2] cases, another group of rules applicable to cases arising after *Muskopf* but before the moratorium legislation, another group of rules applicable to cases arising under the moratorium legislation, and still another group of rules applicable to cases arising after the effective date of the legislation to be adopted."

In *Tevis* v. *City & County of San Francisco* (1954) 43 Cal.2d 190, 195 [272 P.2d 757], cited by plaintiffs, the court said: "It is well established that statutes and other enactments should not be given a retroactive operation unless the legislative intent to do so is clearly apparent." The opinion, which was considering section 151.5, recently added to the Charter of the City and County of San Francisco, pointed out that that section "by its express terms ... provides that it shall have *some* retroactive application" (italics added), and then applied the section retroactively to grant vacation pay to city employees who had left the city service shortly prior to the passage of the section. That is the situation here and the legislative intent is clearly apparent.

 Holding, as we do, that section 947 applies to this action brings us to the second contention of plaintiffs, namely that they should have been permitted to file the undertaking after the expiration of the 20 days mentioned in the section.

2. *Late Filing*

The record of just what happened before the trial court on the motion to dismiss with reference to any request of

[2]*Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457].

plaintiffs to file an undertaking under section 947, subdivision (a), has been augmented. It appears therefrom that while no tender of a bond was made by plaintiffs, a request for permission to file a bond, in the event the court determined that section 947, subdivision (a) was retroactive, was made by plaintiffs and it was understood by court and counsel that the court was asked to rule upon such request. The court, in effect, did so denying the request solely on the ground that the words ''shall dismiss'' in the section made a denial of the request mandatory. Under the circumstances it does not appear that actual tender of bonds was necessary although counsel for plaintiffs states that he had in his possession executed surety company bonds in the required amount. Such a tender would have been futile in view of the court's ruling that it could not permit a late filing. ▮ Defendants contend that assuming that the court had the power to permit a late filing of the bonds it could not do so in the absence of a showing and motion under section 473 of the Code of Civil Procedure.

This contention is incorrect. Plaintiffs were resisting a motion for a dismissal. It was clear to the court that plaintiffs' failure to file the bonds was not wilful but on the erroneous assumption that the statute requiring their filing was not retroactive. Under these circumstances the court, having the power to permit a late filing, as we hereinafter point out, should have granted permission to do so. The failure to file the bonds required by the section within the prescribed 20 days was not jurisdictional.

When no undertaking whatever has been filed, statutes requiring such filing have been interpreted to require a dismissal of the action upon proper application therefor. Thus, in *Standahl* v. *Splivalo* (1936) 13 Cal.App.2d 85 [56 P.2d 298], the action was ordered dismissed for failure of the plaintiff, in a personal injury action against the State of California, to file the undertaking to cover costs required to be filed at the time of filing the complaint by then section 688 of the Political Code. In *Stafford* v. *People* ex rel. *Dept. of Public Works* (1961) 195 Cal.App.2d 148 [15 Cal.Rptr. 402], the action was ordered dismissed for failure of the plaintiff to file the undertaking to secure costs and attorneys' fees required to be filed, at the time of filing the complaint, by section 647 of the Government Code. However, these cases do not deal with the situation where the question is not one of refusing to file the bond but one of filing it late.

Section 830 of the Code of Civil Procedure dealing with libel and slander action has, since its original enactment (Stats. 1871-1872, ch. 377) required the plaintiff to file a $500 undertaking before summons may be issued. The section provides, "An action brought without filing the required undertaking *shall* be dismissed." (Italics added.) In *Williams* v. *Superior Court* (1935) 7 Cal.App.2d 436 [45 P.2d 1027], an application for writ of mandate to compel the superior court to quash the summons in a suit for libel where no undertaking was filed prior to the issuance of the summons, the court said (p. 437): "The giving of the undertaking is not jurisdictional. Where a proper undertaking is on file when the motion to dismiss for failure to file it in time is made the motion must be overruled. Even after the motion to dismiss, the court may order the filing thereof. The bond is intended to secure the costs of defendant and this object is accomplished if when the objection is made an undertaking is executed. (*Becker* v. *Schmidlin,* 153 Cal. 669 [96 P. 280].)" The reason for such holding is set forth in *Becker* v. *Schmidlin, supra,* at page 671: "The jurisdiction of the court in an action for slander does not depend upon whether a sufficient undertaking is or is not filed at the time the suit is commenced. It has such jurisdiction even when no undertaking at all is filed, and may permit one to be filed subsequent to the commencement of the action, and, of course, may permit a new undertaking to be filed in lieu of a defective one. (Citations.)"

In *Pacific View Hospital* v. *Superior Court* (1961) 189 Cal.App.2d 395, 397 [11 Cal.Rptr. 312], the court holds: "The jurisdiction of the court in an action for libel or slander does not depend upon the filing of a sufficient undertaking," citing a number of cases. Quoting from *Becker* v. *Schmidlin, supra,* the court said: " 'It is true that a plaintiff neglecting to file a sufficient undertaking when suit is commenced incurs the danger of having his action dismissed upon the motion of the defendant for such failure, but when such motion is made and is well taken, the court may, nevertheless, *in the exercise of a sound discretion, having jurisdiction of the action, permit the plaintiff to file a new and sufficient undertaking.* The undertaking provided by the statute to be given runs in terms in favor of a defendant, and is intended to secure him in the costs and charges of the action which may ultimately be awarded him. The provision is for his sole benefit and this being true, the discretion vested in the court

of permitting plaintiff to file a new undertaking which will afford a defendant all *the protection the law intends should be exercised to effect that end.* So exercised, it will permit the cause to be tried on its merits, which the law favors, instead of preventing it, which it discountenances.' (Emphasis added.)'' (189 Cal.App.2d 397-398.)

*State* v. *Superior Court* (1939) 34 Cal.App.2d 628 [94 P.2d 63], was a personal injury action brought against the State of California. Section 688 of the Political Code then in effect required that a bond for costs be filed at the time of filing the complaint. The plaintiff filed such a bond but it was not accompanied by the affidavit of justification of the sureties required by section 1057 of the Code of Civil Procedure. Such justification was later filed. The court held that the failure to file the justification at the same time as the bond was not jurisdictional.

In *Redlands etc. School Dist.* v. *Superior Court* (1942) 20 Cal.2d 348 [125 P.2d 490], an action against a school district for personal injuries, the plaintiff did not file within 90 days the claim against the district required by then section 2.801 of the School Code. The court held that the filing of the claim within the required time was not jurisdictional.

The situation as to the bond required by section 947 is similar to that in libel and slander actions. The filing of the bond is not jurisdictional. The trial court should use a broad discretion in permitting the bond to be filed late, if the defendant has not been prejudiced by such filing. It is difficult to see how the defendant could be thereby prejudiced as long as the bond is filed before there is any determination of the merits of the action. The Law Revision Commission described the objectives of section 947 thusly: ''The Commission has concluded that all public entities are entitled to protection against unmeritorious litigation, since local public entities are as likely as the State to be subjected to such actions. At the same time, however, *no unreasonable burden should be imposed upon a person who has a meritorious cause of action.* The Commission recommends, therefore, that all public entities be authorized, in their discretion, to require the plaintiff to file an undertaking for costs in any action against a public entity.... To further assure that no unreasonable burden is placed upon a meritorious litigant, the minimum amount of the undertaking should be fixed at $100. ...'' (Van Alstyne, California Government Tort Liability (Cont. Ed. Bar 1964) Law Revision Commission Comment

re Government Code § 947, p. 785.) The fact that sections 911.4 and 911.6 of the Government Code provide for the late presentation of the claims required to be filed against public entities and that no provision is made for the filing late of bonds under section 947 does not indicate that the Legislature intended that the filing of the undertaking required by that section within the prescribed time be jurisdictional.

The judgment is reversed and the cause remanded to the trial court with instructions to permit the filing of undertakings in accordance with the views herein expressed within five days after the remittitur is filed in the trial court.

Salsman, Acting P. J., and Devine, J., concurred.