STONE, J.
 

 This matter comes to us upon a petition for a writ prohibiting further proceedings in the Superior Court of Fresno County by real parties in interest, nonresidents, whom the court ruled need not file security for costs pursuant to Code of Civil Procedure section 1030.
 

 A. D. Willburn filed an action in the Fresno County Superior Court against petitioners and others, seeking damages. The complaint is framed in several causes of action, but only the third purports to allege a cause of action against petitioners, Bank of America and its agent.
 

 On July 25, 1966, petitioners filed a demand for security for costs, pursuant to section 1030 of the Code of Civil Procedure. Thereafter, on November 17, 1966, Willburn was adjudicated a bankrupt in the United States District Court for the District of New Mexico. The trustee in bankruptcy authorized local counsel to proceed with the action, and suggested to counsel by letter that perhaps Willburn individually might post security for costs and proceed with the action as there were no funds in the bankruptcy estate of Willburn and little likelihood there would be any.
 

 Thereafter Willburn filed a declaration stating that he had been adjudged a bankrupt and had no money with which to pay fees or court costs, and moved the court for an order exempting him from the deposit of security for costs. The trial court granted the motion, and this petition for writ of prohibition followed.
 

 Not all aspects of the question posed are novel. A similar question was considered in
 
 County of Sutter
 
 v.
 
 Superior Court,
 
 244 Cal.App.2d 770 [53 Cal.Rptr. 424], The statute involved in
 
 Sutter
 
 was Government Code section 947, which provides for an undertaking by a plaintiff as security for allowable costs when demanded by a public entity defendant. The trial court in
 
 Sutter
 
 dispensed with an undertaking, despite the defendant’s demands for one under the statute, upon the ground the plaintiff was an indigent and entitled to relief under the doctrine of
 
 in forma pauperis.
 

 
 *573
 
 The
 
 Sutter
 
 opinion, in affirming the trial court, reviews the historical development of the
 
 in forma pauperis
 
 dispensation of an indigent litigant’s fees. The opinion notes the distinction between “public fees’’ as costs which clearly can be waived under the doctrine of
 
 in forma pauperis,
 
 and waiver of security designed to insure an opposing party his costs. The novel aspect of the decision is the court’s conclusion that unless a statute requiring the posting of security for costs clearly and manifestly expresses an intent to deprive the courts of their common law power to waive fees and security for costs of an indigent litigant, under the doctrine of
 
 in forma pauperis
 
 the court retains this inherent power.
 

 Applying this test to Government Code section 947, the court said, at pages 774-775: “A number of American decisions permit the maintenance of poor persons’ litigation notwithstanding their inability to comply with cost security statutes. [Citation.] Although a statute (28 U.S.C.A. § 1915, subd. (a)) now permits federal courts to waive cost security from an indigent litigant, prestatutory decisions in federal admiralty cases customarily permitted suspension of rules requiring security for costs. [Citation.]
 

 “Accepting as we do the concept that the California
 
 in forma pauperis
 
 power covers security for costs, we inquire whether that power is curtailed by Government Code section 947. In seemingly mandatory terms, the statute says that the suit ‘shall be dismissed’ if the plaintiff fails to file an undertaking within 20 days of the defendant’s demand. Despite the superficially mandatory language,
 
 Boyer
 
 v.
 
 County of Contra Costa,
 
 235 Cal.App.2d 111, 115 [45 Cal.Rptr. 58], holds that the filing period specified in section 947 is not jurisdictional; that, as with similar statutes, the courts have discretionary power to permit late filing. Section 947 is hardly less mandatory than statutes requiring filing fees and jury fees (e.g., Code Civ. Proc., §§ 405.5, 631). Such statutes do not trench upon judicial power to permit litigation
 
 in forma pauperis.
 
 Although the Legislature has power to modify or abrogate common law rules, a general statute such as section 947 does not diminish judicial authority resting upon the statutory importation of common law doctrine. ‘Neither individually nor collectively are (such statutes) even susceptible of the construction that the design of the legislature was to deny to the courts the exercise of their most just and most necessary inherent power. ’ [ Citations. ] ’ ’
 

 
 *574
 
 We believe parallel reasoning applies to Code of Civil Procedure section 1030. The only discernible distinction in the relative positions of a plaintiff within the purview of Government Code section 947 and a plaintiff under Code of Civil Procedure section 1030 is nonresidency. But this distinction is verbal; there is none in substance. A local plaintiff who is indigent differs not at all from a nonresident plaintiff who cannot pay costs. In either instance the likelihood of a prevailing defendant collecting his costs is nil, because the plaintiff in each circumstance is a pauper.
 

 Since in its fundamental aspects our case is apposite to the
 
 Sutter
 
 case, we deem the reasoning of
 
 Sutter
 
 to be controlling.
 

 Petitioners argue that if it be assumed for the purpose of argument that the trial court had authority to grant relief from the rigors of Code of Civil Procedure section 1030 by reason of indigency, the trial court abused its discretion in granting relief. In considering the issue of discretion, we have not tested the sufficiency of the affidavits of real parties in interest that support the claim of indigency. Although they are replete with conclusionary averments, their sufficiency was not challenged in the lower court.
 

 Petitioners assert an abuse of discretion upon another ground, the pleadings. They point out that only the third cause of action of the complaint is directed against them, the basis for liability being statements alleged to be false and made, not to the plaintiff, but to other defendants charged in other causes of action. Petitioners emphasize that their answer denies the making of the alleged false statements and that the answers of the other defendants also deny the charge. Therefore, conclude petitioners, the plaintiff in the court below does not have a meritorious case on the pleadings.
 

 When a motion of this character is predicated solely upon the pleadings, the allegations of the complaint must be deemed to be true for the purposes of the particular motion. The trial court was not bound to accept the allegations in the various answers as correct and those of the complaint as false upon conflicting questions of fact. Indeed, to resolve conflicting fact matters raised by the pleadings in this manner would constitute a gross abuse of discretion.
 

 The petition for writ of prohibition is denied.
 

 Gargano, J., concurred.
 

 Conley, P. J., deeming himself disqualified, did not participate.