[Civ. No. 4985. Third Appellate District.—December 14, 1933.]

BEKINS VAN & STORAGE COMPANY (a Corporation), Appellant, v. STATE OF CALIFORNIA, Respondent.

Harry A. Encell for Appellant.

U. S. Webb, Attorney-General, and R. L. Chamberlain, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This is a suit to recover taxes levied and paid under protest. On the theory that plaintiff is a common carrier of freight, taxes were levied against it by the State of California under the provisions of article XIII, section 15, of the Constitution. August 10, 1929, the plaintiff paid under protest the first installment of those taxes amounting to the sum of $4,126.20. November 13, 1931, this suit was commenced against Charles G. Johnson, as treasurer of the State of California, to recover the taxes alleged to have been wrongfully levied and collected since

the plaintiff does not constitute a common carrier engaged in hauling freight over the public highways of California "between fixed termini". No claim for the payment of the taxes was first presented pursuant to section 667 of the Political Code. The attorney-general filed an answer to the complaint denying all the material allegations thereof. March 31, 1932, by stipulation, this case was consolidated with two other similar actions for trial. The causes were tried and submitted for determination. October 28, 1932, a minute order was entered by the court directing judgment for the plaintiff. A motion for new trial was subsequently made and denied. January 3, 1933, by stipulation, the State of California was substituted as the party defendant, in the place of Charles G. Johnson, as treasurer of the State of California. The attorney-general then filed a demurrer in behalf of the State of California, on the ground, among others, that the complaint fails to state facts sufficient to constitute a cause of action, chiefly because it did not appear the plaintiff had first presented its claim for payment of taxes pursuant to the provisions of section 667 of the Political Code. The demurrer was sustained with leave granted to amend the pleading. January 28, 1933, the claim was for the first time filed with the board and disallowed. February 27, 1933, an amended complaint was filed in this action setting up the presentation and disallowance of the claim. March 9, 1933, the attorney-general filed a demurrer to the amended complaint setting up the bar of the action by virtue of the statute of limitations. April 6, 1933, this demurrer was sustained without leave to amend. No judgment was rendered or entered upon this minute order. Notice of appeal was served by the plaintiff *"from the order,* made, filed and entered in the above entitled court in the above entitled action on the 6th day of April, 1933, wherein and whereby the demurrer of defendant to plaintiff's amended complaint on file therein was sustained without leave to amend".

The appellant contends that the tax money which is involved in this suit was levied and paid under mutual mistake and that the presenting of a claim pursuant to section 667 of the Political Code is not a prerequisite to the maintaining of a suit to recover money under such circumstances; that the original complaint was filed within three years

after the payment of the money under protest, and that, regardless of the subsequent running of the statute of limitations, the attorney-general conferred jurisdiction upon the trial court by first filing an answer containing a general denial of all material allegations of the original complaint.

Suits against the State of California may be maintained only "in such manner and in such courts as shall be directed by law". (Const., art. XX, sec. 6.) Section 3669a of the Political Code specifically authorizes the maintenance of a suit to recover taxes which are illegally levied and collected when the same are paid under protest. That section provides in part:

"1. Any company, person or association claiming and protesting as herein provided that the assessment made against him or it by the state board of equalization is void in whole or in part may bring an action against the state treasurer for the recovery of the whole or any part of such tax, penalties or costs paid on such assessment upon the grounds stated in such protest, but no such action may be brought later than the third Monday in February next following the day on which the taxes were due, nor unless such company, person or association shall have filed with the state controller at the time of payment of such taxes a written protest stating whether the whole assessment is claimed to be void, or if a part only, what part, and the grounds upon which such claim is founded; and when so paid under protest the payment shall in no case be regarded as voluntary."

Assuming, without so deciding, that section 688 and section 3669a of the Political Code provide alternative methods of procedure, the plaintiff abandoned his claim against Charles G. Johnson, Treasurer of the State of California, under the provisions of section 3669a of the Political Code, when he filed an amended complaint against the State of California, on February 27, 1933, based solely upon the provisions of sections 667 and 688 of the Political Code. These sections authorize, as a necessary prerequisite to the maintenance of a suit thereon, the presenting of a claim therefor to the board of control within a specified limited time. The amended complaint affirmatively shows that this claim was not presented to the board within the time allowed by law and that the cause was therefore barred.

 Since a suit may be maintained against the state only under the conditions specified and in such manner as the statute authorizes it to be done, we are of the opinion the statutory requirement of first presenting a claim to the State Board of Control, pursuant to section 688 of the Political Code, for taxes illegally levied and collected is a condition precedent with which it is necessary to comply before a court acquires jurisdiction to entertain the cause for trial. That section provides in part:

"Any person who has, or shall hereafter have, a claim on contract or for negligence against the state must present the claim to the state board of control in accordance with the provisions of section 667 of this code. Should the claim not be allowed by the state board of control, the person having the claim is hereby authorized, subject to the conditions contained in this section, to bring suit against the state on such claim and to prosecute such suit to final judgment.

"Except as otherwise provided in this section, the rules of practice in civil suits shall apply to all suits brought under this section. No suit shall be maintained under this section unless such claim be presented to the state board of control in accordance with the provisions of section 667 of this code within two years after such claim shall have first arisen or accrued, and unless such a suit be brought within six months after such claim is rejected or not allowed in whole or in part by the state board of control as provided in section 667 of this code."

 It necessarily follows that if the presenting of a claim for the refunding of taxes illegally levied and collected is necessary as a prerequisite to authorize the maintenance of a suit, then in the absence of that procedure the court is without jurisdiction to entertain the cause, and the attorney-general had no authority or power to confer jurisdiction by filing an answer to the original complaint. It is a well-established rule that consent of respective litigants may not confer jurisdiction of the subject matter upon a court, where the jurisdiction does not otherwise exist. (*Marin Municipal Water Dist.* v. *North Coast Water Co.*, 178 Cal. 324 [173 Pac. 473]; 7 Cal. Jur. 597, sec. 17; 7 R. C. L. 1042, sec. 75.)

■ It will be observed that no judgment was actually rendered or entered upon the original complaint. After the minute order directing judgment to be prepared had been entered, a motion for new trial was prematurely made and denied. By stipulation the State of California was then for the first time substituted as a party defendant. Then, on January 28, 1933, after the statute of limitations had already run upon the cause of action, the claim was first presented to the board for allowance, and based upon the disallowance of that claim, the amended complaint was filed February 27, 1933. We are therefore satisfied the plaintiff's cause of action was barred by the statute of limitations, and that the court properly sustained the demurrer to the amended complaint refusing to permit the filing of another amendment thereto.

■ Moreover, the effort to appeal from the order sustaining the demurrer without leave to amend is ineffectual, since no judgment was rendered or entered thereon. It has been uniformly held that no appeal lies from an order sustaining a demurrer without leave to amend, when no judgment has been rendered or entered pursuant thereto. (Sec. 963, Code Civ. Proc.; *Braren* v. *Reliable Carpet Works, Inc.,* 125 Cal. App. 489 [13 Pac. (2d) 972]; 2 Cal. Jur., p. 155, sec. 26.) Since there is no valid appeal in the present case, and this court is without jurisdiction to pass upon the points sought to be raised on appeal, the appeal should be dismissed. (*Sahakian* v. *City of Los Angeles,* 91 Cal. App. 737 [267 Pac. 571].)

The appeal is dismissed.

Pullen, P. J., and Plummer, J., concurred.