[Civ. No. 27177.   Second Dist., Div. Two.   Aug. 14, 1963.]

MICHAEL CONNER, Plaintiff and Appellant, v. EDWARD M. ROSE, as Executor, etc., Defendant and Respondent.

Burton Marks for Plaintiff and Appellant.

Morris E. Cohn for Defendant and Respondent.

HERNDON, J.—The plaintiff herein appeals from the order of dismissal which was entered upon the motion of defendant and respondent.

The record before us consists of (1) appellant's complaint filed January 23, 1961, against one Jeff Chandler and seeking recovery of money allegedly due under a contract providing that appellant would perform certain services as a "Personal Manager"; (2) an answer filed by Jeff Chandler on March 14, 1961, in which the allegations of the complaint were generally and specifically denied and it was alleged by way of affirmative defense that appellant's complaint failed to state facts sufficient to constitute a cause of action; (3) a stipulation and order filed October 27, 1961, substituting the present respondent, Edward M. Rose, "as the Executor of the Estate of Jeff Chandler . . . as party-defendant in place of Jeff Chandler, defendant"; (4) a minute order dated October 8, 1962, and entered October 10, 1962, which provides as follows: "Motion of defendant for order to dismiss complaint (Submitted October 2, 1962.) Motion granted (24 C2d 406). It appearing to the Court that the above entitled action should be dismissed pursuant to Section 581-a CCP, said action is ordered dismissed as to the defendant Jeff Chandler together with costs in the sum of $——. Let execution issue hereon. Counsel notified."; and (5) a minute order dated December 6, 1962, indicating that plaintiff's motion seeking a reconsideration of the order of dismissal had been granted and that, upon reconsideration, the order dismissing the action was reaffirmed.

It is, of course, immediately apparent that from this inadequate record no reviewing court could determine either the grounds upon which the motion to dismiss was made, or what evidence, if any, by affidavit or otherwise, may have been introduced in support of the motion. Appellant, clearly recognizing the total inadequacy of the record which he has presented to this court, states in his brief: "Although the record on appeal does not disclose the basis of the motion to dismiss, *it can be inferred that* such a motion was made on the grounds that a creditor's claim had not been filed within the time allowed by law." (Emphasis added.)

It would indeed be both a novel and an unhappy departure from accepted appellate practice to sanction the presentation by an appellant of so inadequate a record that the reviewing court must draw questionable inferences, speculate or

indulge in "presumptions" concerning the foundation upon which the challenged order was based. This is particularly true where the appellant asserts that the suggested "inference" is one, which if actually drawn, would constitute error on the part of the trial court.

"The burden is on the appellant in every case affirmatively to show error and to show further that the error is prejudicial; likewise, the presumptions declared in sections 1962 and 1963 of the Code of Civil Procedure must be indulged in favor of sustaining a judgment. *To presume in favor of error* or prejudice would be directly contrary to the policy of this state as declared in section 4½ of article VI of the Constitution and to the admonitions of section 475 of the Code of Civil Procedure." (Emphasis added.) (*Vaughn* v. *Jonas*, 31 Cal.2d 586, 601 [191 P.2d 432].)

It may be conceded that, in viewing this skeletal record which appellant has provided, it is difficult to perceive the applicability either of Code of Civil Procedure, section 581a, or the decision in *Neel* v. *Barnard*, 24 Cal.2d 406 [150 P.2d 177]. Obviously, however, the presentation of a record which is clearly insufficient to enable a reviewing court to determine whether or not the trial court was correct in its ruling is not the equivalent of demonstrating that the trial court was in error. This is particularly true when it is noted that " 'It is *the action of the court* that is presumed to be correct and this presumption obtains even though the reasons given may be bad.' " (*Yarrow* v. *State of California*, 53 Cal. 2d 427, 438 [2 Cal.Rptr. 137, 348 P.2d 687].) Or, as recently restated in *Scott* v. *Mullins*, 211 Cal.App.2d 51, 57 [27 Cal.Rptr. 269], " 'In other words, it is *judicial action*, and not *judicial reasoning or argument* which is the subject of review; and, if the former be correct we are not concerned with the faults of the latter.' [Citation]." (Italics added.)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied September 12, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 9, 1963.