[Civ. No. 11106.   Third Dist.   Mar. 28, 1966.]

FRANK G. DOMINQUEZ, Plaintiff and Appellant, v. COUNTY OF BUTTE, Defendant and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Isaac Fluss for Plaintiff and Appellant.

Merlo & Blackstock and Daniel V. Blackstock for Defendant and Respondent.

Kenneth Nellis as Amicus Curiae on behalf of Defendant and Respondent.

BRAY, J.*—Plaintiff appeals from a superior court order denying his petition to file an alleged late claim against the County of Butte for damage to real and personal property.

### Question Presented

Is the limitation in section 912 of the Government Code, prescribing a limitation of 20 days to apply to the superior court for relief after denial of a petition to the board of supervisors for leave to file a late claim against the county, jurisdictional?

### Record

On October 14, 1963, plaintiff filed with the Board of Supervisors of Butte County an application to file late a claim for alleged flood damage to real and personal property which occurred on October 11 and 12, 1962.

Section 911.2 of the Government Code[1] provided in pertinent part (as to a claim against a county), "a claim relating to a cause of action . . . for injury . . . to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action. *A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action.*" (Italics added.)

Obviously, the claim was not filed within the 100-day period set forth in section 911.2 for presenting claims for injury to personal property.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]The provisions of section 911.2 and of all other sections of the Government Code herein referred to are as they read at the times pertinent to

Section 911.4 provides a procedure for an application within a reasonable time, not to exceed one year, to the board of supervisors for permission to file late a claim which had not been filed within the 100 days mentioned in section 911.2. Plaintiff filed such application with the board of supervisors on October 14, 1963, within one year of the date when the damage was alleged to have occurred.[2] The board of supervisors denied his application on October 15, 1963. Thereafter, and on November 20, 1963, more than 20 days after the denial by the board of supervisors, plaintiff filed in the superior court a "Petition for Order Granting Leave to Present Claim." After hearing, the court denied the petition on the merits. Plaintiff appeals.

Although the court did not base its denial of the petition on the ground of lack of jurisdiction, the question of jurisdiction has been raised by defendant and by amicus curiae because of the failure of plaintiff to file the application to the superior court within the time prescribed by section 912, and it must be determined by us. (Lack of jurisdiction can be raised at any time, even for the first time on appeal (*Griffin* v. *Griffin* (1953) 122 Cal.App.2d 92, 101 [264 P.2d 167]).)

Until the reply brief of appellant was filed in this court, the parties assumed that a claim against a county for damages to *both* real and personal property had to be filed within 100 days of the accrual of the cause of action. (The trial court, likewise, so assumed.) The parties overlooked the portion of section 911.2 which provided in pertinent part that a claim relating to any other cause of action than one for injury to personal property could be presented within one year (see italicized portion of § 911.2, *supra*). Therefore, the parties assumed that as the claim had not been presented to the board of supervisors within 100 days, it was necessary to petition the board for permission to file the claim late and upon denial by

---

this proceeding. The flooding occurred October 1962. In 1963 the procedure and limitations for filing late were somewhat changed from those in effect in 1962. However, section 152, subdivision (a), chapter 1715, Statutes of 1963, provided, in effect, that these changes applied to all causes of action theretofore or thereafter accruing. Thus, it is the Statutes of 1963 with which we are concerned. Moreover, amendments of 1963, so far as time for filing delayed claims is concerned, were not different from those in effect in 1962. (See *Manquero* v. *Turlock etc. School Dist.* (1964) 227 Cal.App.2d 131 [38 Cal.Rptr. 470].) In 1965, but not affecting this proceeding, most of the sections applicable here were either repealed or changed.

[2]The time of the alleged damage was October 11 and 12, 1962. One year later would be October 12, 1963. That day was a Saturday. Hence, plaintiff had until Monday, October 14, to file his petition with the board.

the board to petition the superior court for leave to file it late.

Section 912, which deals with petitioning the superior court for leave to file a delayed claim after the board of supervisors has denied permission to do so, provides: ''The petition shall be filed within 20 days after the application to the board is denied or deemed denied.'' In the instant case, the petition to the court was filed approximately 36 days after the denial by the board. Plaintiff's petition to the court states that this delay was caused by the inability of petitioner's attorneys ''to ascertain the procedures and time limitations for filing this petition, as altered, amended and added by the 1963 Legislature, until the date of this petition, said attorneys having tried diligently, and without success, to obtain copies of the new legislation from several sources.'' Plaintiff then contends that the limitation in section 912 is not mandatory or jurisdictional but discretionary.

The history of the section lends strong support to the determination that the legislative intent was to make the limitation jurisdictional. Section 912, adopted in 1963, is based upon former section 716 (Stats. 1959, ch. 1724, p. 4136) which provided that the petition to the superior court for leave to file a delayed claim ''shall be filed within a reasonable time, not to exceed one year, after the time specified in section 715 has expired.'' Section 715 provided (as did § 911.4 later) that the application to the board of supervisors for leave to file a claim for injury to personal property should be filed within 100 days and for injury to real property within one year. Thus section 716 set the outside limitation to apply to the court for relief to one year and 100 days after accrual of the cause of action for injury to personal property and to two years after accrual of the cause of action for injury to real property.

The Legislature in enacting section 912 apparently decided that the time previously allowed for applying to the superior court for relief was too long and changed it to a flat 20 days and intended that that limitation be mandatory and hence jurisdictional. It would seem that this limitation should be regarded as is the limitation in seeking relief in court proceedings under section 473 of the Code of Civil Procedure. It is well settled that the six months' limitation in that section is jurisdictional and that the court may not consider any motion made thereunder after the prescribed period has expired (*Solot* v. *Linch* (1956) 46 Cal.2d 99, 105 [292 P.2d 887];

*Thompson* v. *Vallembois* (1963) 216 Cal.App.2d 21, 24 [30 Cal.Rptr. 796] ; see the many citations therein set forth).

No good reason appears for a determination that the legislative intent in enacting section 912 was that a claimant, dilatory in presenting a claim against a public body and being permitted to apply to that body for relief therefrom, should, when such relief is denied, not be held to a strict compliance with the time requirement for application to the superior court for relief.

Plaintiff contends that section 911.2 should be construed so as not to require the filing with the public body of a separate claim for injury to personal property and a separate one for injury to real property where both injuries arose from a single act; in other words, to hold in such case that the one-year limitation applies. It is further contended that as to the claim for real property damage, the claim was presented within the year as a copy of it was attached to the application to the board for leave to file a late claim, and that as the claim was for injury to both real and personal property it was filed in time for both purposes. Defendant and amicus curiae resist this contention and further contend that presenting a copy of the claim attached to the petition for leave to file it was not presentation of the claim.[3] Plaintiff states in a brief that one of the causes of action in the complaint he has filed against the county is for inverse condemnation and contends that as to it section 911.4 does not apply.[4]

As we have determined that the trial court had no jurisdiction to consider the petition herein, it is unnecessary, and would be improper, for us to consider either this contention or that of the sufficiency of the presentation. (See fn. 3.) These contentions, of course, may be considered at the trial of plaintiff's action against the county if one is or has been brought.

As the trial court did not have jurisdiction of this proceeding, its denial of plaintiff's petition was proper, even though it was not based upon this premise.

The order is affirmed.

Pierce, P. J., and Regan, J., concurred.

---

[3]The record is not clear as to whether the document attached to the petition to the board was an original claim or merely a ''copy'' as alleged in the petition to the superior court. We, of course, are not passing upon the sufficiency of the presentation in either event.

[4]The record does not contain any complaint or show that an action has been filed against the county.