[S.F. No. 22689. In Bank. Apr. 15, 1971.]

COUNTY OF SANTA CLARA, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
GASTON DELEERSNYDER et al., Real Parties in Interest.

## COUNSEL

Hoge, Fenton, Jones & Appel and Charles H. Brock for Petitioner.

No appearance for Respondent.

Magana, Olney, Levy & Cathcart, Daniel C. Cathcart and William M. Thon for Real Parties in Interest.

## OPINION

**TOBRINER, J.**—The County of Santa Clara seeks prohibition to restrain the Superior Court of Santa Clara County from further proceedings in a wrongful death action against the county by plaintiffs Gaston and Germaine Deleersnyder, the parents of decedent Konrad Deleersnyder. Plaintiffs did not file a claim with the county within 100 days of the death, as required under Government Code sections 911.2 and 945.4; the superior court, however, granted their petition under Government Code section 946.6 for relief from the obligation of filing a claim. ■ We conclude that the

ruling of the superior court does not constitute an act in excess of its jurisdiction and therefore cannot be reviewed by writ of prohibition. Since, however, the matter has been fully briefed and argued to this court, we treat the merits of the ruling, and conclude that the trial court did not abuse its discretion in relieving plaintiffs from the duty to file a claim.

When Konrad Deleersnyder suffered severe injury in an automobile accident on March 4, 1960, he was taken to the county hospital. There, according to plaintiffs, county employees negligently treated Konrad, injuring his spinal cord and causing permanent quadriplegia and other disorders. Upon denial of his claim against the county, Konrad filed suit for personal injuries. After extensive pretrial discovery, the action came to trial in February 1967. During the course of the trial, Konrad died. The death certificate indicates that chronic systemic conditions stemming from the 1960 spinal cord injury caused death.

On June 23, 1967, about 130 days after the death, plaintiffs filed a request with the county for leave to present a late claim. When the county denied the request plaintiffs petitioned the superior court for relief under Government Code section 912. Before the matter came to hearing, the Legislature replaced section 912 with section 946.6.

Section 946.6, subdivision (c), provides that "the court shall relieve the petitioner from the provisions of Section 945.4 [which bars claims not filed within 100 days] if the court finds the application [for leave to present a late claim] to the board under Section 911.4 was made within a reasonable time not to exceed one year after the accrual of the cause of action . . . and that . . . the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4. . . ."

In support of their petition plaintiffs submitted a declaration of Daniel C. Cathcart, who was then serving as plaintiffs' attorney and who had previously acted as Konrad's attorney. It stated that "no formal claim was filed with the County of Santa Clara by claimants until it could be determined that the claimants' decedent died of injuries proximately received at the defendant's hand and further determined whether or not the claimants wished to pursue their claim and cause of action. . . ." In opposition to the motion Charles Brock, attorney for the county, declared that on March 23, 1967, Mr. Cathcart sent him a letter which stated that "there undoubtedly would be a medical correlation between the quadriplegia and the boy's untimely death," that the death certificate was filed on February 20, 1967, and that Mr. Cathcart procured a copy of the certificate on April 21, 1967.

At the conclusion of oral argument before the trial court, Mr. Cathcart stated: "It is not in my declaration but if I might amend it or I will be so happy to testify, the mother of this young boy nursed this young man five days plus being with him day and night. When he died her life changed. You can imagine the emotional trauma involved and litigation was hardly —I don't believe I represented to Mr. Brock the action might be abandoned. When my client died in the middle of the trial I was emotionally involved, also." The judge replied, "Yes, the matter is submitted."

The superior court granted plaintiff's motion, stating that "here the lateness is less than 30 days, no prejudice is involved and the Court feels that the neglect was reasonably incurred."

1. *The order of the superior court was not in excess of its jurisdiction and cannot be reviewed on a writ of prohibition.*

The leading case of *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], pronounced the rule that prohibition may be invoked only to restrain an act in excess of jurisdiction. One year later this court, in *Redlands etc. Sch. Dist.* v. *Superior Court* (1942) 20 Cal.2d 348 [125 P.2d 490], faced the problem of applying that decision to a case involving noncompliance with a claims requirement. There, the plaintiff brought a personal injury action in a justice court against the school district, but failed to file the claim that was then required under section 2.801 of the School Code. The justice court nevertheless gave judgment for plaintiff; the superior court, on trial de novo, affirmed. Since no appeal would lie, defendants brought certiorari.

Refusing to issue the requested writ, this court reasoned that: "Not every violation of a statute constitutes. excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of certiorari or prohibition. Where, as here, the statute does not restrict the power of the court but merely sets up a condition precedent to the esablishment of plainiff's cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction." (P. 360.)

Decreeing in *Farrell* v. *County of Placer* (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], that a county could be estopped from asserting a claims limitation, we stated that compliance with such a statute does not involve jurisdiction. The county argued that "the claim statute is the measure of the power of the governmental agency in paying the torts claims involved, and hence any deviation from that procedure cannot be

dispensed with by waiver, estoppel or otherwise." (P. 630.) We replied: "that conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason. . . . This court has held that compliance with the claim statute is not jurisdictional with respect to the power of a court to give judgment against the governmental agency where no claim was filed. (*Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490])." (Pp. 630-631.)

Prior to *Redlands,* the decision in *Bekins V. & S. Co.* v. *State of California* (1933) 135 Cal.App. 738 [28 P.2d 61], had held that a court lacked the jurisdiction to entertain an action for tax refund until the claimant presented his claim to the state board of control. In 1961 the court in *Spence* v. *State of California,* 198 Cal.App.2d 332, 335-336 [18 Cal.Rptr. 302], passing upon a claim against the state, held that compliance with claims requirements did not involve jurisdiction. Quoting Witkin (1 Cal. Procedure (1954) p. 322), the court noted that "it would seem that [*Redlands*] overrules the *Bekins* case by implication, for no relevant distinction can be drawn between a suit against the state (*Bekins*) and against a school district (*Redlands*)."

Thus, as of 1963, court decisions had clearly settled that a court which erroneously entertained an action against a governmental entity, despite noncompliance with claims requirements, committed only an error of law; it did not act in excess of jurisdiction.[1] Although the statutes respecting claims and actions against public entities were extensively revised in 1963, nothing in the language of the 1963 legislation, nor of the Law Revision Commission study and recommendations which preceded it, suggests any intention to alter this rule. The only case discussing the issue under the new act, *Boyer* v. *County of Contra Costa* (1965) 235 Cal.App.2d 111 [45 Cal.Rptr. 58], relies on *Redlands* to arrive at the conclusion that filing

---

[1] In addition to the cases cited in the text, see *Taylor* v. *City of Los Angeles* (1960) 180 Cal.App.2d 255, 262-263 [4 Cal.Rptr. 209] (court did not exceed jurisdiction in proceeding with suit against city before city had rejected claim, citing *Redlands*); *Cruise* v. *City & County of San Francisco* (1951) 101 Cal.App.2d 558, 562-564 [225 P.2d 988] (city may be estopped to assert claim limitation, since compliance with claims provisions is not jurisdictional, citing *Farrell*); cf. *Holden* v. *California Emp. etc. Com.* (1950) 101 Cal.App.2d 427, 435 [225 P.2d 634] (time limit for appeal from ruling of California Employment Commission is not jurisdictional, citing *Redlands*); see also Van Alstyne, California Government Tort Liability (1964) page 772.

The analogy between section 946.6 and Code of Civil Procedure section 473 has been noted in many cases (e.g., *Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]; *Nilsson* v. *City of Los Angeles* (1967) 249 Cal. App.2d 976, 979 [58 Cal.Rptr. 20]); we observe that an order relieving a petitioner from a default judgment under section 473 on grounds of mistake, inadvertence, surprise, or excusable neglect, even if erroneous. is not in excess of jurisdiction and cannot be reviewed on extraordinary writ. (*Moran* v. *Superior Court* (1939) 35 Cal. App.2d 629, 632 [96 P.2d 193].)

of a bond for costs, as required by Government Code section 947, is not jurisdictional.[2]

Appellate review on writ of prohibition both delays trial and increases litigation expense (cf. *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185 fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]); yet, in view of the discretion given the trial judge and the principles of review outlined subsequently in this opinion, only in rare cases could an appellate court reverse a trial court order granting relief under section 946.6. Consequently, little benefit could accrue from opening this additional path of review of orders granting relief. The instant case represents neither a dramatic nor an extreme instance of failure to comply with statutory command; such cases may never arise;[3] the superior court here ruled on a contested matter committed to its discretion and within its subject-matter jurisdiction. Under the authority of *Redlands etc. Sch. Dist.* v. *Superior Court, supra,* 20 Cal.2d 348, we cannot categorize the ruling of the trial court as beyond its jurisdiction.

2. *The superior court did not abuse its discretion in granting plaintiffs' petition for relief.*

■ Although we have held in this opinion that a writ of prohibition

---

[2]Former Government Code section 912 provided that a claimant must petition the superior court for leave to file a late claim within 20 days after his application for such leave is denied by the public entity. In *Harvey* v. *City of Holtville* (1967) 252 Cal.App.2d 595 [60 Cal.Rptr. 635], and *Dominquez* v. *County of Butte* (1966) 241 Cal.App.2d 164 [50 Cal.Rptr. 448], plaintiffs failed to file their petitions within the 20-day period. The Courts of Appeal affirmed superior court orders denying the petitions, stating that the 20-day limitation is "mandatory and hence jurisdictional." (*Harvey* v. *City of Holtville, supra,* 252 Cal.App.2d 595, 597; *Dominquez* v. *County of Butte, supra,* 241 Cal.App.2d 164, 167.) Neither case involved a writ of prohibition; the issue in both was whether the superior courts should have considered plaintiffs' excuses for noncompliance with the 20-day limit, and the jurisdictional language of the opinions was directed to that issue.

The Courts of Appeal may have erred in reasoning that the limitation, because mandatory, was necessarily jurisdictional. (See 1 Witkin, Cal. Procedure (1954) pp. 387-388.) A statute of limitations, for example, is mandatory in the sense that the court may not excuse a late complaint on grounds of mistake, neglect, or the like; it is not "jurisdictional" (see 1 Witkin, Cal. Procedure, *supra,* pp. 322-323) and, if raised by demurrer, an erroneous overruling of the demurrer cannot normally be attacked by writ of prohibition (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; cf. *Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 827 [279 P.2d 35]). The holdings of *Dominquez* and *Harvey,* affirming trial court orders refusing to consider excuses for noncompliance with the 20-day limitation, are clearly correct.

[3]The language of *Redlands* suggesting that in no event would noncompliance with claims legislation raise an issue of jurisdiction may be cast too broadly; we have limited our decision to the proposition that the discretionary ruling of the trial court under section 946.6, subdivision (c), may not be reviewed on writ of prohibition.

may not be appropriate to review that order, the merits of the superior court order have been thoroughly briefed and argued both before this court and the Court of Appeal. We believe that we should now adjudicate the merits, since a refusal to do so would leave the parties and the trial court without guidance and would serve no purpose but delay.[4]

The cases have held that the trial court exercises broad discretion in granting or denying petitions for relief under Government Code section 946.6;[5] an appellate court will be more rigorous in examining the denial of such relief than its allowance. "It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Appellate courts will not interfere with the decision of the trial judge in relieving a party of default except for clear abuse of discretion (*Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].)[6]

In granting relief under section 946.6, which calls for a showing that the failure to present a timely claim resulted from "mistake, inadvertence, surprise or excusable neglect," the trial court here must necessarily have rested its ruling upon inadvertence and excusable neglect. Plaintiffs' original declaration asserted that they delayed filing a claim "until it could be determined that the claimants' decedent died of injuries proximately received at the defendant's hand. . . ." This assertion explains plaintiffs' delay from the date of Konrad's death until April 21, 1967, when plaintiffs first saw the death certificate and discovered the cause of death. Although their declaration presented no sufficient explanation of their further delay of some two months, plaintiffs' counsel at the superior court hearing offered to amend his declaration to show that plaintiffs' further delay resulted from the emotional trauma caused by Konrad's death.

In response to plaintiffs' offer to amend, the superior court replied,

[4]See *Brandt* v. *Superior Court* (1967) 67 Cal.2d 437, 444 [62 Cal.Rptr. 429, 432 P.2d 31]; *Shively* v. *Stewart* (1966) 65 Cal.2d 475, 481 [55 Cal.Rptr. 217, 421 P.2d 65, 28 A.L.R.3d 1431]; *Rosemont* v. *Superior Court* (1964) 60 Cal.2d 709, 712 [36 Cal.Rptr. 439, 388 P.2d 671]; *Hagan* v. *Superior Court* (1960) 53 Cal.2d 498, 501-502 [2 Cal.Rptr. 288, 348 P.2d 896].

[5]See *Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]; *Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80]; *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].

[6]Accord: *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976, 979 [58 Cal.Rptr. 20].

"yes, the matter is submitted." It has been urged that the court, by this language, impliedly rejected plaintiffs' offer, but we cannot so easily transform "yes" into "no." To the contrary, as we shall explain, we may presume that the court, in giving an affirmative reply, permitted, and based its ruling in part upon, the oral amendment. "It is well settled that all presumptions and intendments are in favor of supporting the judgment or order. . . ." (*Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58].) ■ Consequently, applying the principle that "wherever possible cases [should] be heard on their merits, and any doubts which may exist should be resolved in favor of the application [for relief]" (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]), we must presume that the superior court approved plaintiffs' offer to amend.[7]

■ We likewise invoke the presumption that the superior court acted regularly (see, e.g., *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 774 [280 P.2d 39]); thus, we must presume that the court did not ignore plaintiffs' offer to amend, but ruled on that matter before taking the petition for relief under submission. ■ Finally, we observe that it is defendant here who questions the ruling of the trial court and thus assumes the burden of showing error; the presentation of a record which, although uncertain or ambiguous, does not demonstrate error does not meet that burden. (See *Conner* v. *Rose* (1963) 219 Cal.App.2d 327, 329 [32 Cal.Rptr. 919].)

We conclude, then, that the superior court accepted plaintiffs' offer to amend, and that their emotional trauma is part of the record on which the court based its order. Although the court did not require plaintiffs' counsel to file his amendment in written form and to detail the facts of the trauma, the superior court had observed Konrad and his parents during the trial of Konrad's suit, and did not require a detailed declaration to recall the emotional impact of Konrad's death in the midst of that trial.

The argument has been raised that the plaintiffs' excuse for late filing pertains to subjective medical matters and must be supported by actual testimony. ■ Government Code section 946.6, subdivision (e), makes clear that when no testimonial evidence is offered, the court may decide whether to grant relief on the basis of the petition and declarations offered

---

[7]Since the present case arises on writ of prohibition, instead of appeal, we are in no position to remand the proceedings to the superior court for further clarification; instead, if the petitioner has failed in its burden to show that the trial court has exceeded its jurisdiction, we do not grant the requested relief.

in support of, or opposition to, the petition.[8] ■  Actual testimony is sometimes preferable to declarations, and direct declarations preferable to hearsay, but any preference for one mode or another of presenting evidence does not oust the superior court of its statutory discretion to determine whether or not to grant relief on the basis of the petitions and declarations before it.

The argument proceeds that regardless of plaintiffs' emotional condition, plaintiffs' attorney could have filed the wrongful death claim. The attorney, however, should not so act without the authorization of his clients. ■  The record speaks of delay until plaintiffs decided whether to pursue their claim, an indecision caused by their emotional trauma; it does not speak of any delay by plaintiffs' attorney once his clients had resolved to prosecute their claim.

The total delay incurred by plaintiffs was only about 30 days, less than that encountered in most reported decisions denying relief.[9] Plaintiffs offered a reasonable and credible explanation of that delay. Defendant claims no prejudice. The superior court found that plaintiffs filed their claim within a reasonable time after accrual of the cause of action, and defendant does not challenge that finding. Under these circumstances, we cannot find that the superior court abused its discretion in granting relief.

The alternative writ of prohibition is discharged and the petition for a peremptory writ of prohibition is denied.

Mosk, Acting C. J., McComb, J., Peters, J., and Sullivan, J., concurred.

**BURKE, J.**—I dissent. Although a claimant may establish excusable neglect under Government Code section 946.6 by showing that his emotional

[8]Section 946.6, subdivision (e), states that in ruling upon an application for relief, "The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition."

[9]Four Court of Appeal decisions affirming orders denying relief have involved delays in excess of that in the instant case. See *Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670 [91 Cal.Rptr. 104]; *Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598 [76 Cal.Rptr. 80]; *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76 [70 Cal.Rptr. 908]; *Garcia* v. *City etc. of San Francisco* (1967) 250 Cal.App.2d 767 [58 Cal.Rptr. 760]; *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116 [90 Cal.Rptr. 479] affirmed a superior court order denying relief on a delay of 19 days. Both *Bennett* (12 Cal.App.3d at p. 120) and *Martin* v. *City of Madera* (265 Cal.App.2d at p. 80) emphasized the discretion of the trial court and the likelihood that, if the court had granted relief, such relief would be affirmed on appeal. The only Supreme Court decision denying relief is *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753]. In that case the death occurred on February 18, 1963, and the application was filed 10½ months later; however, under section 152 of the 1963 Tort Claims Act the cause of action was deemed to accrue on September 20, 1963, and thus claimant's application on January 8, 1964 was only eight days late. The total delay of 10½ months, nevertheless, refuted Mrs. Tammen's contention that she had not had adequate time to discover which agency was responsible for maintenance of the highway.

condition made it impossible for him to act with reasonable diligence, there is no evidence whatsoever in the record that plaintiffs actually suffered such a condition, or that it precluded them from filing a timely claim.

The record shows that plaintiffs' son died on February 15, 1967, that both plaintiffs and their attorney had actual knowledge of the facts underlying their claim no later than April 21, but that they delayed until June 23, before attempting to file that claim. (The 100-day statutory period expired in May 1967.) The majority point out that plaintiffs' attorney, at the close of the hearing below, offered to amend *his* declaration to state that plaintiffs' delay resulted from "emotional trauma" resulting from their son's death. That bare offer of proof, which was impliedly rejected by the court, did not constitute evidence sufficient to support a finding of excusable neglect. Moreover, even had the offer been accepted, the declaration of an attorney attesting to the emotional trauma of his clients, and thus pertaining to highly subjective medical matters requiring actual testimony (either by experts or by plaintiffs themselves) to appraise, would have been of no evidentiary value. Finally, plaintiffs fail to explain why their own emotional difficulties prevented their attorney from acting with reasonable diligence on their behalf. That attorney had filed the previous claim for personal injuries to plaintiffs' son, was familiar with claims procedure, and had actual knowledge of the facts supporting the wrongful death claim. His lack of diligence cannot be explained or excused on the ground of emotional trauma.

Since plaintiffs failed to carry their burden of proving excusable neglect, the fact that the county was not prejudiced by the late claim is immaterial. (Gov. Code, § 946.6, subd. (c); *Tammen* v. *County of San Diego,* 66 Cal. 2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753]; Van Alstyne, Cal. Government Tort Liability, Supp., § 8.30, p. 107.)

Although, as the majority hold, prohibition does not ordinarily lie in these cases, the merits have been briefed and no purpose would be served in remanding the action to the trial court. Accordingly, I would grant the peremptory writ of prohibition.

On May 13, 1971, the opinion was modified to read as printed above.