Filed 10/16/15  Aiassa v. Volpe CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANNETTE AIASSA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHARLES W. VOLPE, et al.,<br><br>    Defendants and Respondents. | H040846<br>(Santa Clara County<br>Super. Ct. No. 1-11-CV210378) |

Annette Aiassa filed a complaint for damages against Charles W. Volpe, Pauline Reimer, Janice L. Earle, Grace Ybarra, and Earle & Reimer.  A judgment was entered in favor of defendants Reimer, Earle, and Earle & Reimer (defendants) after the trial court granted defendants' motion for terminating sanctions based upon plaintiff's failure to comply with a November 27, 2013 order compelling her to attend and produce documents at a deposition noticed for December 4, 2013.

Plaintiff appeals from the judgment.  On appeal, she poses the question whether the November 27, 2013 order, the order granting terminating sanctions, and the judgment are void because the record contains no proof that the November 27, 2013 order was served on her or her counsel.

We conclude that the challenged orders and judgment are not void and plaintiff has not shown reversible error.[1]  Accordingly, we will affirm.

---

[1] Defendants filed a motion requesting that this court take additional evidence pursuant to Code of Civil Procedure section 909.  All further statutory references are to (continued)

I

*Procedural History*

On October 04, 2011, plaintiff filed a complaint for damages against attorneys and the law firm that had formerly represented her.[2]  At the time she filed the complaint, plaintiff was represented by James Patrick Mason.

By the filing of a substitution of counsel form on February 28, 2013, plaintiff began representing herself.  By the filing of another substitution of counsel form on August 26, 2013, Damian R. Fernandez substituted as attorney of record for plaintiff.

By order filed September 13, 2013, the trial court granted defendants' motion for summary adjudication as to the third cause of action based on the statute of limitations.

By order filed November 19, 2013, the trial court relieved attorney Fernandez as plaintiff's counsel of record effective upon the filing of the proof of service of the order upon plaintiff.  The order stated that the trial in the action was set for January 13, 2014.

On November 27, 2013, defendants filed an "Ex Parte Application . . . to Compel Completion of Plaintiff Annette Aiassa's Deposition Testimony" together with a supporting declaration, a memorandum, and a proposed order.  The proof of service for

the Code of Civil Procedure unless otherwise specified.  We deny defendants' section 909 motion and do not reach defendants' arguments that rest upon the newly proffered evidence.  (See *In re Zeth S*. (2003) 31 Cal.4th 396, 405.)

[2] The first cause of action against Volpe alleged legal malpractice.  The second cause of action against Volpe alleged deceit and misrepresentation.  The third cause of action against Reimer, Earle, Ybarra, and Earl & Reimer alleged legal malpractice.  The fourth cause of action against those same four defendants alleged deceit and misrepresentation.  The fifth cause of action against those four defendants alleged elder abuse.  The sixth cause of action against those four defendants alleged conspiracy to defraud and commit financial elder abuse.  The seventh cause of action against all defendants alleged intentional infliction of emotional distress.  The eighth cause of action against Reimer, Earle, Ybarra, and Earl & Reimer alleged breach of contract.  The ninth cause of action sought declaratory relief and a constructive trust.

those documents shows that plaintiff and her counsel were served on November 22, 2013 by e-mail and United States mail.

The declaration supporting defendants' ex parte application together with attached exhibits showed the following facts. Plaintiff's deposition and production of documents was originally noticed for November 27, 2012 but her counsel objected to the date. By amended notice, plaintiff's deposition and document production were reset for March 14, 2013. By second amended notice, plaintiff's deposition and document production were reset for March 18, 2013. On March 18, 2013, plaintiff appeared for deposition but she failed to produce the documents supporting her claims as requested in the deposition notice. After attorney Fernandez substituted in as attorney of record for plaintiff, defendants served on him a third amended notice setting plaintiff's deposition and document production for November 12, 2013. On November 12, 2013, defendants and plaintiff's counsel appeared for plaintiff's deposition and document production but plaintiff failed to appear.

The declaration and exhibits supporting defendants' ex parte application further showed that, on November 13, 2013, defendants served on plaintiff's counsel a fourth amended notice setting plaintiff's deposition and document production for December 4, 2013. They also indicate that, after the court issued its order relieving attorney Fernandez as plaintiff's counsel, defendants advised plaintiff of the November 27, 2013 hearing on their ex parte application.[3]

---

[3] Although the declaration of defendants' counsel indicated that his office advised plaintiff of the ex parte hearing by telephone, e-mail, and United States mail on November 22, 2013, a copy of the letter dated November 22, 2013, which was attached to the declaration, incorrectly stated that the hearing on defendants' ex parte application would be held on December 3, 2013. Another letter dated November 25, 2013, which was also attached to counsel's declaration, stated the correct hearing date but the declaration did not indicate when and to whom that letter was mailed.

3

Defendants' ex parte application to compel was heard on November 27, 2013. A written order, filed on November 27, 2013 at 11:05 a.m., stated the court, "having read the papers submitted, and having heard oral argument, and good cause appearing therefore," granted the application. The November 27, 2013 order stated that plaintiff appeared in propria persona at the hearing that day and plaintiff's opening brief on appeal states that plaintiff appeared at the hearing. The reporter's transcript of the November 27, 2013 hearing[4] indicates that the court signed the order at the end of the hearing.[5]

The court's November 27, 2013 order directed plaintiff to appear on December 4, 2013 at the specified time and place "to complete her deposition and produce all responsive documents as properly noticed by Defendants." The order warned that, if plaintiff failed to appear as ordered, defendants "may be entitled to monetary sanctions and/or terminating sanctions against plaintiff." The appellate record contains no proof of service of a notice of entry of the November 27, 2013 order.

On December 2, 2013, the following documents were filed: A "Notice of Entry of Judgment or Order" regarding the November 19, 2013 order, a copy of the November 19, 2013 order relieving attorney Fernandez as plaintiff's counsel of record, and a proof of service. The proof of service indicated that defendants' counsel and plaintiff had been served with the notice of entry by mail on November 25, 2013.

---

[4] This court granted plaintiff's motion to augment the appellate record and the augmented record includes the November 27, 2013 reporter's transcript. We do not consider, however, plaintiff's separate declaration filed in this court that was not part of any motion before this court. (See Cal. Rules of Court, rules 8.54, 8.252; § 909.)

[5] If plaintiff was in fact present at the hearing on November 27, 2013, she knew that the trial court granted defendants' application. The reporter's transcript of the November 27, 2013 hearing reflects, however, that defendants' counsel and the court spoke about plaintiff in the third person and defendants' counsel informed the court that he had spoken to plaintiff that day and she was not planning on opposing the ex parte application or appearing at the hearing because she was planning on attending the deposition on December 4, 2013. Nothing in the reporter's transcript indicates that plaintiff was present.

4

On December 9, 2013, defendants filed an "Ex Parte Application for an Order Shortening Time to File and Hear a Motion for Terminating Sanctions" against plaintiff together with a supporting declaration and a memorandum. The court granted the application for an order shortening time, permitted defendants to file and serve a motion for terminating sanctions against plaintiff, and set the hearing on the motion for terminating sanctions for December 13, 2013. That same day, defendants filed notice of motion and motion for terminating sanctions together with a supporting declaration and a memorandum. A proof of service, also executed on December 9, 2013, indicates that those documents were served on plaintiff by e-mail and United States mail.

On December 13, 2013, the trial court heard defendants' motion for terminating sanctions. Plaintiff appeared in propria persona and did not file formal opposition to the motion. She also provided no notice that she would be contesting the motion as required by local rule. The motion was argued and submitted.

By order filed December 17, 2013, the trial court granted the motion for terminating sanctions. On January 2, 2014, the court entered judgment in favor of defendants.

II

*Discussion*

"Misuses of the discovery process include" "[f]ailing to respond or to submit to an authorized method of discovery" and "[d]isobeying a court order to provide discovery." (§ 2023.010, subds. (d), (g).) "To the extent authorized by the chapter governing any particular discovery method or any other provision of this title, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process: . . . [¶] (d) The court may impose a terminating sanction by one of the following orders: . . . [¶] (3) An order dismissing the action, or any part of the action, of that party. . . . " (§ 2023.030.)

5

If a party deponent fails to appear for examination or fails to produce documents as described or specified in a deposition notice, the remedy is a motion compelling the party to attend and testify and produce documents. (§ 2025.450, subd. (a), see § 2025.480, subd. (a).[6]) If a party deponent fails to obey an order compelling attendance, testimony, and production of documents, the court may impose terminating sanctions. (§ 2025.450, subd. (h), see § 2025.480, subd. (k).)

Plaintiff argues that the November 27, 2013 order granting defendant's motion to compel is void on its face because there is no proof of service showing that the order was served on her counsel or her. In support of her argument, she cites *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 (*Gamet*).

*Gamet*, upon which plaintiff relies, does not establish that an order is void on its face when the record does not contain a proof of service showing that the order was served on the losing party or her counsel. *Gamet* was an appeal from a postjudgment order denying a motion to set aside a judgment of dismissal in an action brought by a corporation and Sue Gamet (one of two shareholders, one of two directors, and presumably its CEO or president) against Christopher Blanchard (the other shareholder and director and the treasurer and chief financial officer) and the corporation's accountant. (*Gamet*, *supra*, 91 Cal.App.4th at p. 1279.) The corporation had untimely

---

[6] Section 2025.450, subdivision (a), states: "If, after service of a deposition notice, a party to the action . . . , without having served a valid objection under Section 2025.410, fails to appear for examination, or to proceed with it, or to produce for inspection any document, electronically stored information, or tangible thing described in the deposition notice, the party giving the notice may move for an order compelling the deponent's attendance and testimony, and the production for inspection of any document, electronically stored information, or tangible thing described in the deposition notice." Section 2025.480, subdivision (a), provides: "If a deponent fails to answer any question or to produce any document, electronically stored information, or tangible thing under the deponent's control that is specified in the deposition notice or a deposition subpoena, the party seeking discovery may move the court for an order compelling that answer or production."

6

appealed from the judgment of dismissal and it had no standing to appeal from the order denying the motion to set aside the judgment because it was not a party to that motion. (*Id.* at p. 1276.)

In dicta, the appellate court in *Gamet* observed that "[t]he fundamentals of due process include notice and an opportunity to be heard" and "[a] judgment entered without notice is void and can be attacked at any time. [Citations.]" (*Gamet*, *supra*, 91 Cal.App.4th at p. 1286.) In that case, the trial court had issued an order relieving a corporation's counsel effective upon the filing of a proof of service on the clients but apparently no proof of service had ever been filed so the corporation's counsel was "never actually relieved because the order never became operative." (*Id.* at pp. 1285-1286.) Notice of the subsequent proceedings had not been given to the corporation's law firm or associated counsel. (*Id.* at p. 1286.) Notices purportedly sent to the corporation had not been sent to the corporation's correct address as reflected in a notice of change of address filed on its behalf. (*Ibid.*) Although the appellate court dismissed the corporation's appeal, it did so without prejudice to the corporation moving to set aside the judgment in the trial court and appealing from any denial of that motion. (*Id.* at p. 1287.)

*Gamet* does not aid plaintiff. "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' [Citations.] It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.' [Citation.]" (*Fuentes v. Shevin* (1972) 407 U.S. 67, 80.) Plaintiff concedes that she "was given notice and an opportunity to be heard at the November 27, 2013 ex parte hearing." Plaintiff was also served with defendants' notice of motion and motion for terminating sanctions and she appeared in propria persona at the hearing on that motion.

7

Plaintiff has failed to show that she was not given notice and an opportunity to be heard before the challenged orders.

Without citation to any authority, plaintiff maintains that the November 27, 2013 order "never became effective because it was not served on [her] counsel." An order may, by its own terms, become effective upon the filing of the proof of service of the order as did the order relieving counsel in *Gamet* (*Gamet*, *supra*, 91 Cal.App.4th at p. 1285) and the order relieving attorney Fernandez in this case. The November 27, 2013 order does not contain any such conditional language.

Plaintiff has made no argument that the challenged order compelling plaintiff to attend the December 4, 2013 deposition is void because the trial court lacked fundamental jurisdiction over the subject matter or her. "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) If a court lacks such ' "fundamental" ' jurisdiction, its ruling is void. (*People v. Lara* (2010) 48 Cal.4th 216, 225.) A claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal. (*Ibid*.)" (*People v. Ford* (2015) 61 Cal.4th 282, 286; see *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196 ["[A]ny judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face . . . .' [Citation.]"].) " '[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio.* [Citation.]" (*People v. Lara*, *supra*, at p. 225.)

By filing her action against defendants, plaintiff submitted herself to the jurisdiction of the court. (See *In re Marriage of Aron* (1990) 224 Cal.App.3d 1086, 1095; *Adam v. Saenger* (1938) 303 U.S. 59, 67-68.) Plaintiff has not shown that the November 27, 2013 order is void because the court lacked jurisdiction in any fundamental sense.

8

Even if the filing of a proof of service of a notice of entry of the November 27, 2013 order was mandatory,[7] "most procedural errors are not jurisdictional. [Citations.]" (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 [statute required notice of trial to be introduced into evidence at uncontested trial where husband and counsel failed to appear but wife's failure to comply not jurisdictional].) We recognize, however, that a court may "act in excess of its jurisdiction or defined power, rendering the judgment voidable. [Citations.]" (*Ibid*.) An error is jurisdictional in that sense " ' "only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of extraordinary writs of certiorari or prohibition." ' (*County of Santa Clara* [*v*. *Superior Court* (1971) 4 Cal.3d 545,] 549.)" (*Id*. at p. 57, fn. omitted.) A voidable order is valid until set aside (*People v*. *American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 661) and principles of estoppel or forfeiture may preclude a party setting the order aside. (*Ibid*.; *People v*. *Mower* (2002) 28 Cal.4th 457, 474, fn. 6.)

Plaintiff is not arguing that the November 27, 2013 order is voidable. In any event, that order was in effect on December 4, 2013.

Plaintiff now complains that the November 27, 2013 order was improper because an order should have been sought by noticed motion under section 2025.480 rather than by an ex parte application under section 2025.450 and defendants "incorrectly cited" section 2025.450.[8] These arguments are being raised for the first time on appeal. Even

---

[7] Section 1019.5, subdivision (a), provides: "When a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes." (See Cal. Rules of Court, rule 3.1312.)

[8] Plaintiff claims that defendants "incorrectly cited section 2025.450" because it only applies to a motion to compel a deposition without a request for production of documents but that contention is refuted by the statutory language. (See fn. 6, *ante*.)

9

accepting that an order compelling a party deponent to attend and produce documents at a deposition must be sought by properly noticed motion (see Cal. Rules of Court, rule 3.1300; § 1005), plaintiff, who appeared at the hearing on the motion for terminating sanctions, did not challenge the validity of the November 27, 2013 order on such grounds.

At the hearing on defendants' motion for terminating sanctions, plaintiff had the opportunity to present evidence that she had no actual notice of the November 27, 2013 order prior to her deposition set for December 4, 2013 and to argue that the November 27, 2013 order was invalid on the grounds now raised. Instead, plaintiff did not file any opposition to the motion for terminating sanctions, she did not inform the court or defendants prior to the hearing that she was contesting the tentative decision, and, although she appeared at the December 13, 2013 hearing on the motion, she did not present any substantive legal argument. Plaintiff is not entitled to any dispensation because she was representing herself. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

"The forfeiture rule generally applies in all civil and criminal proceedings. [Citations.] The rule is designed to advance efficiency and deter gamesmanship." (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.) It "ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error. [Citation.]" (*People v. Kennedy* (2005) 36 Cal.4th 595, 612, disapproved on another point in *People v. Williams* (2010) 49 Cal.4th 405, 459.) "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590.)" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted.) " ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion

10

of the right before a tribunal having jurisdiction to determine it." [Citation.]' (*United States v. Olano* (1993) [507] U.S. [725, 731].)" (*People v. Saunders*, *supra*, at p. 590.) Insofar as plaintiff is now impliedly arguing that she did not receive actual notice of the November 27, 2013 order before her deposition noticed for December 4, 2013[9] or arguing that the order was improper, she forfeited those contentions by failing to raise them at the December 13, 2013 hearing on defendants' motion for terminating sanctions.

Furthermore, "it is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Nothing in this record demonstrates that plaintiff was unaware of the November 27, 2013 order at the time of the December 13, 2013 hearing.[10] She has not established that the trial court committed reversible error by granting defendants' motion for terminating sanctions based on the evidence and arguments before it.

Plaintiff suggests that this court should excuse her failure to raise an objection below because this appeal poses an important legal question, specifically, may a court

---

[9] Plaintiff has never asserted that she did not know that her deposition was set for December 4, 2013. Counsel's declaration in support of defendants' motion for terminating sanctions stated that his office spoke to plaintiff on the telephone on November 25, 2013 and, during the call, plaintiff confirmed that she would attend the December 4, 2013 deposition.

[10] A copy of the November 27, 2013 order was part of the documents supporting the defendants' application for an order shortening time to file a motion for terminating sanctions and part of the documents supporting the defendants' motion for terminating sanctions. In addition, counsel's declaration in support of defendants' motion for terminating sanctions specifically stated that defendants had "obtained an order compelling [plaintiff] to appear for her deposition as noticed on December 4, 2013." The proof of service of the notice of motion and motion for terminating sanctions and supporting documents indicated that plaintiff was served by e-mail and United States mail on December 9, 2013.

11

"issue terminating sanctions for a party'[s] failure to attend a disposition when there is no proof of service that the order [to compel] was served on the party or [the party's] counsel?"  We find application of the forfeiture rule to be appropriate and we will not engage in discretionary review of that question.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7 ["appellate courts typically have engaged in discretionary review only when a forfeited claim involves an important issue of constitutional law or a substantial right"]; *In re S.B.*, *supra*, 32 Cal.4th at p. 1293 ["appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue"].)

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.

12

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

WALSH, J.[*]